May Term,
1851.

THE STATE
v.
ZIMMERMAN.

---

## THE STATE *v.* ZIMMERMAN.

Indictment charging that the defendant on, &c., at, &c., did then and there erect, keep, &c., a certain tippling-house, or place wherein spirituous and intoxicating liquors were sold by the defendant, without license, to be drunk in and about the said tippling-house, which said tippling-house, during all the time aforesaid, was then and there kept by the defendant in a disorderly manner, &c., contrary to the form of the statute, &c. *Held,* that the indictment was good.

ERROR to the *Gibson* Circuit Court.

BLACKFORD, J.—This was an indictment charging that the defendant, on, &c., at, &c., did then and there erect, keep, &c., a certain tippling-house or place wherein spirituous and intoxicating liquors were sold by the defendant, without license, to be drunk in and about the said tippling-house, which said tippling-house, during all the time aforesaid, was then and there kept by the defendant in a disorderly manner, &c., contrary to the form of the statute, &c.

This indictment was quashed on the defendant's motion.

The indictment is objected to for uncertainty. The part of the indictment supposed to be uncertain, is where it is alleged that the defendant erected, &c., " a certain tippling-house or place wherein spirituous and intoxicating liquors were then and there sold," &c. It is said that it cannot be known from this statement, whether it was a tippling-house or some other place in which the liquors were sold. That statement, supposing it would be objec-

*Friday,*
*May 30.*

tionable if unaided by other parts of the indictment, cannot be objected to in this case. The indictment, subsequently to said statement, says, that the liquors were sold to be drunk in and about said tippling-house, which tippling-house, during all the time aforesaid, was then and there kept, &c.

It is clear, therefore, that the place kept by the defendant in which the liquors were sold, &c., is charged with sufficient certainty to be a tippling-house.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, with instructions to overrule the motion to quash. Costs here.

*D. Wallace,* for the state.

*C. Baker,* for the defendant.